16204

TAYLOR v. CURRINGTON

(52 S. E. (2d) 789)

*Messrs. Fred D. Townsend and William P. Donelan,* of Columbia, *for Appellant,*

*Messrs. James Hopkins and Harold C. Seigler,* of Columbia, *for Respondents,*

*Messrs. Fred D. Townsend and William P. Donelan,* of Columbia, *for Appellant, in reply,*

April 1, 1949.

BAKER, Chief Justice.

The complaint of the respondent, so far as pertinent to the issues in this appeal, alleged that the respondent (Sallie Taylor) and the appellant (Willie Currington) were tenants in common of a tract of land containing 32 acres, situate in Richland County; and that said tract of land was capable of being partitioned in kind. The prayer of the complaint was in accord with such allegations.

The answer of the appellant, so far as here pertinent, admitted that he and the respondent were tenants in common of the tract of land in question, but denied that it could be partitioned in kind. The prayer of the answer was that the land be sold and the proceeds of the sale be divided between those lawfully entitled thereto.

On March 27, 1947, the Honorable E. H. Henderson, Presiding Judge of the Fifth Circuit, ordered that this tract of land be divided into two parts of equal value, one part to be set off to respondent, and the other part set off to appellant. He further ordered that the costs of the action be equally borne by the parties to the action, and that either party "may apply to the Court for any administrative order carrying into effect the decision above set forth."

Thereafter, on September 8, 1947, the Honorable M. M. Mann, Presiding Judge, Fifth Judicial Circuit, ordered and decreed that a writ of partition in the usual form be issued by the Clerk of Court for Richland County, directing that the premises involved be partitioned by the Partition Commissioners (to be appointed), as provided for by order of Judge Henderson dated March 27, 1947; and further or-

dered that upon the Partition Commissioners making their return, that the matter be referred to the Master of Richland County for the purpose of confirming said partition.

There was no appeal from either of the foregoing mentioned orders, and, in fact, the order of Judge Mann was consented to by the then counsel for the appellant.

Upon due notice, and on September 23, 1947, five Partition Commissioners were appointed, and a writ in partition was issued by the Clerk of Court for Richland County, directed to, and enjoining these Commissioners, within one month thereafter, fairly and impartially, according to the best of their judgment, to make partition of the land involved among the parties entitled thereto, that is, to Sallie Taylor (respondent) and Willie Currington (appellant) one-half each of the 32-acre tract of land, as provided for by the order of Judge Henderson, and make due return of all their actings and doings, and return a general plat of all the premises.

On December 29, 1947, the Commissioners made their Return, to which was attached a plat made by D. T. Holt, a surveyor and one of the Commissioners, showing that the 32 acres of and had been divided evenly, so far as acreage was concerned, between the respondent and the appellant, the 16 acres allotted to respondent being divided by the only County maintained road touching said 32 acre tract of land, and the 16 acres alloted to the appellant having no frontage whatsoever on the public road, although its northwest corner touches the highway, but in such a way as to not afford vehicular entrance to the highway without going upon the land allotted to the respondent, or across land of others not parties to this action. If there is any neighborhood road giving the appellant access to the public road, it is not shown on the plat.

The only evidence in the record, other than the plat of the lands, showing the division thereof, is the testimony of Mr.

Holt, one of the Commissioners and the surveyor. Analyzing his testimony, we must reach the conclusion that the Commissioners gave very little, if any, consideration to the respective values of the two tracts of land, but were more concerned with dividing the 32 acres evenly as to acreage. And this is not surprising in the light of the wording of the writ, which was not in accord with the statute, although the issue as to whether the writ followed the statute, Section 8828 of the Code, is not properly before this Court. While Mr. Holt, viewing the premises in retrospect, testified that in his opinion the two tracts were of about equal value, that is, practically the same, yet it stands out in his testimony that the division made was "just a geographical division of thirty-two acres, giving each of them a house," and equal acreage.

Although the Master in Equity for Richland County recommended that the return of the Commissioners be confirmed, and although the learned Circuit Judge confirmed the report of the Master and made same the order and judgment of the Court, we are constrained to hold that any division or partition of this 32 acre tract of land in kind which failed to provide for a right of ingress and egress to and from the land allotted to a parcener was and is obviously inequitable and unjust, and should not be permitted to stand.

The order confirming the partition as made is reversed, and the case is remanded to the Circuit Court for such further proceedings as the parties may be advised.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.